IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TROY PEARSON, | § | |
| | § | |
| *Plaintiff*, | § | CASE NO. 7:23-cv-00005 |
| | § | |
| v. | § | |
| | § | |
| RLLCS, LLC A/K/A ARS TOWING | § | |
| AND/OR ECTOR COUNTY VSF, | § | JURY DEMANDED |
| & RONALD WENGER | § | |
| | § | |
| *Defendants*. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Troy Pearson ("Plaintiff") files this Complaint against Defendants, RLLCS, LLC a/k/a ARS Towing and/or Ector County VSF, and Ronald Wenger ("Defendants" or "ARS Towing"), and respectfully shows the Court as follows:

### I. INTRODUCTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") seeking damages for Defendants' misclassifying Plaintiff as an exempt employee, and for failing to pay Plaintiff overtime pay for all hours worked over forty during each workweek while working for Defendants.

2. Plaintiff seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees and costs, pre- and post-judgment interest, and punitive damages.

### II. PARTIES

3. Plaintiff is an individual citizen of the state of Texas and was employed by Defendants in Midland, Texas, during the years of 2020 through 2022.

4. RLLCS, LLC is a domestic for-profit corporation organized under the laws of the State of Texas. RLLCS, LLC is also known as ARS Towing and/or Ector County VSF. Its principal place of business is 12102 W County Road 100, Midland, Texas 79706. Its Registered Agent is Darrell W. Corzine, and may be served with process at 4840 E. University Blvd., Suite 200, Odessa, Texas 79762, or wherever he may be found.

5. Ronald Wenger is the Owner of ARS Towing and may be served with process at 3649 Flamingo Avenue, Odessa, Texas 79764, or wherever he may be found.

6. During all times relevant to this lawsuit, Defendants have done, and continue to do, business in the State of Texas.

7. At all times relevant to this lawsuit, Defendants are and have been an "enterprise engaged in commerce" as defined by the FLSA.

8. Whenever it is alleged that Defendants committed any act or omission, it is meant that the companies' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of ARS Towing, or was done in the routine and normal course and scope of employment of the companies' officers, directors, vice-principals, agents, servants or employees.

9. At all times relevant to this lawsuit, Defendants employed and continue to employ two or more employees.

10. Defendants were an employer of Plaintiff.

11. At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly

handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

12. At all times relevant to this lawsuit, Defendants had annual gross sales or business volume in excess of $500,000.00.

### III. JURISDICTION & VENUE

13. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Midland/Odessa Division of the Western District of Texas.

### IV. FACTS

15. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

16. Defendant ARS Towing is a company that provides automobile towing services to its customers. ARS Towing has contracts with various apartment complexes and shopping centers located exclusively in Midland and Odessa. Defendants employed Plaintiff as a tow truck driver from 2020 to 2022 in Midland and Odessa.

17. As a tow truck driver, Plaintiff's responsibilities primarily involved operating tow trucks and locating and towing vehicles in violation of the rules established by the apartment complexes and shopping centers who contracted with Defendants. Plaintiff performed his duties in the Midland/Odessa area, never traveled out of the state of Texas, and never picked up goods or performed any services involving interstate commerce.

18. Plaintiff's normal schedule was set at five 12-hour days and one half-day per week.

19. In addition to his primary schedule, Plaintiff regularly covered shifts of other drivers and worked additional hours as an on-call employee. This meant Plaintiff would regularly work 16-hour days and even recorded shifts that went as long as 24 hours.

20. Plaintiff was paid based on a "per vehicle towed" basis. He was misclassified as an exempt employee and was not paid overtime despite working over forty (40) hours every week.

21. Defendants intentionally misclassified Plaintiff to avoid paying overtime. Plaintiff brought this issue to the attention of his supervisors and questioned his hours and payment calculations. However, Defendants ignored his complaints and never paid him overtime compensation.

22. Defendants did not record Plaintiff's hours worked.

23. Defendants are liable as joint employers of Plaintiff. Ronald Wenger, as the owner of ARS Towing, was intimately involved in the hiring process and set the terms and conditions of Plaintiff's employment, including Plaintiff's schedule, made all hiring and firing decisions, and set Plaintiff's compensation.

24. Plaintiff is not exempt from overtime compensation.

## V.     FLSA CLAIMS FOR OVERTIME PAY

25. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26. All conditions precedent to this suit, if any, have been fulfilled.

27. At all relevant times, Defendants were Plaintiff's employers under the FLSA and were engaged in commerce under the FLSA.

28. Plaintiff was not exempt from overtime under the FLSA and was paid on a piece-rate basis.

29. Plaintiff worked more than forty hours per workweek for Defendant but was not paid any overtime premium pay for all hours worked over forty (40) in each workweek.

30. Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a) and 516.5. Defendants' refusal to pay overtime compensation was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff was not paid any overtime premium pay for all hours worked over forty in a workweek.

31. Plaintiff seeks all damages available at law for Defendants' failure to pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. UNPAID OVERTIME WAGES AND LIQUIDATED DAMAGES

32. All Defendants, including individual Defendant Ronald Wenger, are jointly and severally liable as employers under the FLSA 29 U.S.C. § 203(d). Accordingly, Plaintiff seeks damages from all Defendants for the following unpaid wages and damages:

    a. Payment for all unpaid overtime back wages resulting from compensable time worked but for which no overtime pay was received over the past three years as a result of Defendants' willful violations of the FLSA and as permitted under the FLSA 29 U.S.C. § 255(a); and

    b. Liquidated damages equal to the amount of unpaid back wages.

## VII. ATTORNEYS' FEES AND COSTS

33. As a result of Defendants' conduct, Plaintiff has retained the undersigned counsel to prosecute his claims and seeks to recover attorneys' fees, expert witness fees, and any costs incurred from bringing this action under 29 U.S.C. § 216(b).

## VIII. JURY DEMAND

34. Plaintiff demands a jury trial.

## IX. PRAYER

35. For these reasons, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing, the Court enter Judgment against Defendants for the following costs, fees, and damages:

    a. Unpaid overtime going back three years in favor of Plaintiff;

    b. liquidated damages in favor of Plaintiff;

    c. costs of this action, including the fees and costs of experts and reasonable attorneys' fees in favor of Plaintiff;

    d. pre-judgment and post-judgment interest at the maximum rate allowed by law in favor of Plaintiff; and

    e. such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
    Fernando M. Bustos; SBN: 24001819
    fbustos@bustoslawfirm.com
    Brandon C. Callahan; SBN: 24096175
    bcallahan@bustoslawfirm.com
    Matthew N. Zimmerman; SBN: 24100386
    mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF
TROY PEARSON